**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**A. JOSEPH RAETANO,**

    **Plaintiff,**

**v.**                                                                   **Case No.  8:07-CV-1543-T-30EAJ**

**GGK, L.L.C.,**

    **Defendant.**

_____/

# **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 21) and Defendant's opposition thereto (Dkt. 22). The Court, having considered the motion, the parties' arguments, and applicable statutes and being otherwise advised in the premises, determines that said motion should be granted, as set forth below.

Plaintiff initiated this cause of action, one of several filed by him in this district, on August 29, 2007, pursuant to Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §12181, *et. seq.,* seeking injunctive relief for failure to comply with the architectural and structural requirements of the ADA and its implementing regulations, attorney's fees, expert's fees, litigation expenses, and costs. Following receipt of notice by Plaintiff's counsel that the cause of action had been settled, the Court entered an order dismissing the complaint on January 30, 2008 (Dkt. 20).  The Court, however, retained jurisdiction because although the parties agreed in settling this matter that Plaintiff is entitled

to "reasonable" attorneys' fees, expert's fees, and costs, they had not yet agreed on the reasonableness of the fees and costs billed by Plaintiff.  Id.

Defendant does not dispute that Plaintiff is entitled to fees and costs in this case. Instead, Defendant claims that the attorney's and expert's fees requested are excessive in that the number of hours expended in the representation by both the attorney and the expert exceeds what was required by the cause. Under the ADA, Congress expressly provided for the award of reasonable attorney's fees and costs to prevailing parties other than the United States.  The ADA provides that "in any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C. § 12205. A plaintiff is considered a "prevailing party" for purposes of these provisions "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 102, 111-112 (1993). See also Buckhannon Bd. and Care Home, Inc. v. West Virginia, 532 U.S. 598, 602 (2001) (rejecting "the 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct"[1]); American Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1318-19 (11th Cir. 2002).

---

[1] See, e.g., Stanton v. Southern Berkshire Regional School Dist., 197 F.3d 574, 577 n.2 (1st Cir. 1999); Marbley v. Bane, 57 F.3d 224, 234 (2nd Cir. 1995); Baumgartner v. Harrisburg Housing Authority, 21 F.3d 541, 546-550 (3rd Cir. 1994); Payne v. Board of Ed., 88 F.3d 392, 397 (6th Cir. 1996); Zinn v. Shalala, 35 F.3d 273, 276 (7th Cir. 1994); Little Rock School Dist. v. Pulaski Cty. School Dist., # 1, 17 F.3d 260, 263 n.2 (8th Cir. 1994); Kilgour v. Pasadena, 53 F.3d 1007, 1010 (9th Cir. 1995); Beard v. Teska, 31 F.3d 942, 951-952 (10th Cir. 1994); Morris v. West Palm Beach, 194 F.3d 1203, 1207 (11th Cir. 1999).

Calculating an appropriate fee award under federal law involves a two-step process. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Id. The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. Id. See also Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered[2]).[3]

The Eleventh Circuit has recognized, however, that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing

---

[2]The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The manner in which the Johnson factors influence an award of fees must be elucidated by the court. See In re Celotex Corp., 227 F.3d 1336, 1341 (11th Cir. 2000); NAACP v. City of Evergreen, Ala., 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting King v. McCord, 621 F.2d 205, 206 (5th Cir. 1980)).

[3]The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

market rates and supports the number of hours worked and the rate sought. Hensley, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by Attorney Todd W. Shulby in connection with this case. In support of the request for attorney fees, Plaintiff filed Shulby's unsworn declaration and a copy of the hours Shulby billed for the case. Shulby's declaration, standing alone, is not a sufficient basis for determining the lodestar. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Norman, 836 F.2d at 1299. The Court may, however, use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman, 836 F.2d at 1303; see also Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002).

According to Plaintiff's records, Shulby worked 26.8 hours at a rate of $300.00 per hour for a total of $8,040.00.  Shulby has been practicing law in Florida since 1995. He has concentrated his practice on civil rights litigation since 1996 and reports that he has, to date, litigated hundreds of Title III ADA cases.  In support of his assertion that $300.00 is a reasonable hourly rate for his work, Shulby cites four ADA cases he litigated in the Southern District of Florida in 2006 and 2007.

Considering the legal market and awards in similar cases within this district and the Johnson factors, the Court concludes that an hourly rate of $300.00 for work performed by Shulby is this case is appropriate.  While Shulby's hourly rate will not, as advocated by

Defendant, be reduced, the number of hours Shulby has billed will be adjusted, as discussed below.

Plaintiff also seeks compensation for the services of Thomas J. Ricci of Accessibility Disability Consultants, Inc., an expert witness retained to evaluate the real property and improvements that are the subject of the instant litigation. The Court concludes that the hourly rate for the expert's services billed in this matter should be reduced. Plaintiff seeks a rate of $185.00 per hour for Mr. Ricci's services. Plaintiff submitted an invoice from Accessibility Disability Consultants for $5,070.68 (27 hours @ $185/hour = $4,995.00 + $75.68 (344 photographs @ $.22 each)) (Dkt. 21-3). Defendant contends that Accessibility Disability Consultants, Inc., is not entitled to the fee billed for its services because it "appears in the majority of cases filed by [Shulby], and [its] expert report is merely a template that is 'cut and pasted' to match the individual property's alleged violations" (Dkt. 22 (unnumbered)).

Having reviewed the record and previously addressed similar fees, see, e.g., Access for the Disabled, Inc. v. Missouri Mart, Inc., 2006 WL 5432711 (M.D. Fla. 2006), the Court concludes that $150.00 per hour for an ADA expert's time in this type of case is reasonable and appropriate. The expert's invoice shows that 12.5 hours were spent conferring with Attorney Shulby, researching and reviewing information, and inspecting the site prior to the filing of the complaint; 4 hours were spent reviewing information on the building and public records regarding its layout and facilities and inspecting, measuring, and photographing the building's exterior common areas; and 10.5 hours were spent in researching applicable codes and statutes and preparing a draft report (Dkt. 21-3).

Based on its review of the time sheets submitted in support of the motion, the Court has determined that the total number of hours charged to this matter by Shulby should be reduced from 26.8 hours to 23.6 hours.[4] The Court has further determined that the hours Mr. Ricci's charged to this matter should be reduced from 27 hours to 12.5 hours.[5] Accordingly, the Court finds that Plaintiff is entitled to $7,080.00 in attorney's fees (23.6 hours @ $300.00 hourly) and $1,875.00 in fees for expert services (12.5 hours @ $150/hourly).

Defendant disputes the costs and litigation expenses sought in the motion as "not being supported by applicable law" (Dkt. 22 (unnumbered)). Having reviewed the motion and applicable statute, see 28 U.S.C. § 1920, the Court concludes that the amount of costs ($666.30) included in the motion should also be reduced. Title 28 U.S.C. § 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. In Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996), the Eleventh Circuit held that charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. Plaintiffs'

---

[4] First, as to the entries for July 25, 2007, regarding the preparation of the summons and civil cover sheet, August 13 and 29, 2007, regarding the filing of the complaint, September 4, 2007, regarding case management, December 17, 2007, regarding correspondence from opposing counsel related to withdrawal of the motion to toll, and February 14, 2008, regarding research and the preparation of the instant motion, totaling 2.2 hours, the Court concludes that these charges are redundant. The Court is of the opinion that the 2.5 hour entry for October 30, 2007, for travel to and from the inspection site is excessive. The Court considers 1.5 hours reasonable for this task.

[5] The Court concludes that certain charges included in the July 11, 2007 statement are excessive given the tasks performed. To wit, Mr. Ricci's billing regarding the inspection and photographing of the building's exterior common areas has been reduced from 4.5 to 3.0 hours. Likewise, the billing for research regarding ownership of the property at issue has been reduced from 3.5 hours to 1 hour and the 2.5-hour billing for research and preparation of the initial report verifying violations is reduced from 3.5 hours to 2.5 hours. The Court concludes that the hours, as adjusted, are reasonable for the tasks performed. Finally, the tasks billed for October 30, 2007, are disallowed as redundant, see entries on the July 11, 2007 statement.

counsel seeks recovery of certain overhead items as costs, including travel, airport parking, car rental, photocopies, photographs, and postage amounting to $278.30. Under Duckworth, this Court concludes these amounts are not recoverable from Defendant. Id.

Plaintiff also seeks reimbursement in the amount of $38.00 for process server fees. "Private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as they "do not exceed the statutory fees authorized in § 1921." Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). The United States Marshal's fee for serving a subpoena or summon under 28 U.S.C. § 1921 is $45.00 per witness. Accordingly, the Court concludes that a total of $38.00 for the process server's fee and the $350.00 filing fee are recoverable and taxable as costs for Plaintiff, see Dkts. 21-1 and 21-2.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 21) is **GRANTED** in the amount of (1) $7,080.00 in attorney's fees, (2) $1,875.00 in expert fees, and (3) $388.00 in litigation expenses. The **Clerk** is directed to enter judgment in favor of Plaintiff in the amount of $9,343.00.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1543 Grant Atty fee.wpd